UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT MATHIES, individually and on behalf of all others similarly situated, | Case No. 24-cv-12872 |
| | Hon. Shalina D. Kumar |
| Plaintiff, | Hon. Mag. Judge Anthony P. Patti |
| v. | |
| LG ENERGY SOLUTION MICHIGAN, INC., a Delaware corporation, | |
| Defendant. | |

_____/

**STIPULATED ORDER APPROVING SETTLEMENT AND DISMISSING WITH PREJUDICE**

This matter is before the Court upon the Parties' submission of the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release of Claims ("Settlement Agreement"), attached hereto as Exhibit A:

1. Having reviewed the Parties' Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement, including the proposed Service Award, and the proposed Plaintiff's Counsel's fees and costs, as a fair and reasonable resolution of this lawsuit.

2. On October 30, 2024, Plaintiff Robert Mathies ("Mathies" or "Plaintiff"), filed his Collective Action Complaint and Jury Demand against LG

Energy Solution Michigan, Inc., ("LGESM" or "Defendant"), alleging a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). [Dkt. No. 1.]

3. In general, Mathies claimed that LGESM failed to properly calculate its employees' regular rate of pay for purposes of determining proper overtime rates under the FLSA. LGESM denies the claims brought by Mathies.

4. The Parties engaged in bilateral settlement discussions over the course of several months regarding the employees of the three battery plant facilities LGESM operates in Michigan located in Hazel Park, Holland and Troy. These negotiations resulted in a tentative settlement, the terms of which are set forth in the Settlement Agreement. (Exhibit A, Settlement Agreement).

5. The Settlement Agreement provides that, in consideration of the Maximum Gross Settlement Amount, the claims of the Representative Plaintiff and eligible employees who deposit and/or cash their individual settlement payments will be dismissed with prejudice.

6. "The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, No. 22-cv-175, 2023 WL 8440262, at * 1 (E.D. Tenn. Dec. 5, 2023) (comparing, e.g., *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no court approval required), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring court

approval) and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required).

7.  A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. See e.g., *Corbett v. Pub. Employees' Ret. Sys.*, No. 20-cv-02149, 2024 WL 518895, at *2 (D. Nev. Feb. 9, 2024) ("As it stands today, the Court concludes that Rule 41(a)(l)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same"); *Walker v. Marathon Petroleum Corp.*, 684 F. Supp. 3d 408, 410 (W.D. Pa. 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement); *Evans v. Centurion Managed Care of Arizona LLC*, 686 F. Supp. 3d 880, 882 (D. Ariz. 2023) (FLSA is not one of the "applicable federal statutes" that requires judicial approval of settlement agreement before the settling plaintiff may file a notice or stipulation of dismissal of the action); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001, at *3 (D. N.M. May 25, 2023) (judicial approval of the Motion to Approve and the settlement agreement is not required); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022) ("For the reasons below, the Court

will assume that employees represented by counsel can decide for themselves whether to settle a case, and the Court will not continue to be an impediment to settlement in these cases").

8. The Sixth Circuit has not decided the issue. Some district courts in this Circuit recently reached the same persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (no Court approval required); *see also Reed v. M3K, LLC*, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023) (same); *Gilstrap v. Sushinati LLC,* No. 1:22-cv-434, --- F. Supp. 3d ---, 2024 WL 2197824, at *1 (S.D. Ohio May 15, 2024) (same).

9. While the Sixth Circuit has not weighed in on the issue, a growing number of district courts within the Sixth Circuit have found *Gilstrap* persuasive and held that court approval of FLSA collective action settlements is not required. *See Reid v. Peterson Farms, Inc.,* No. 1:24-cv-340, 2024 WL 5374819, at *1 (W.D. Mich. Dec. 9, 2024) ("This Court adopts the reasoning in *Gilstrap* and finds that the Court does not have any obligation or authority to approve the parties' settlement agreement."); *Barrios v. Kamps, Inc.*, No. 1:23-cv-584, 2024 WL 4181210, at *1 (W.D. Mich. Sept. 12, 2024) ("This Court adopts the reasoning in *Gilstrap* and finds that the Court does not have any obligation or authority to approve the parties' settlement agreement."); *Cataline v. Beechmont Brewing*, LLC, No. 1:23-cv-621,

4

2024 WL 4313715, at *1 (S.D. Ohio Sept. 26, 2024) ("This Court agrees with the opinion in *Gilstrap* and joins the trend emerging in this District of eliminating the prudential condition that requires district court approval of FLSA settlements."); *Stephens v. Auto Sys. Ctrs., Inc.*, No. 2:21-cv-5131, 2024 WL 4577862, at *1 (S.D. Ohio Oct. 22, 2024) ("The undersigned finds the reasoning of *Gilstrap* persuasive and concludes that Court approval of the parties' FLSA settlement is neither required nor authorized."); *Berner v. PharMerica Logistics Servs., LLC*, No. 3:23-CV-00142-CRS, 2024 WL 5147039, at *3 (W.D. Ky. Dec. 17, 2024) ("In short, the text of the FLSA does not require court approval prior to settlement or dismissal nor is there binding case law to that effect. Also for the same reasons set out in *Gilstrap*, this Court likewise concludes that it lacks the authority to approve or reject FLSA settlements. Furthermore, the Court agrees that Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of FLSA claims."); *Evans v. RWS Res., LLC*, No. 4:23-CV-00120-GNS-HBB, 2025 WL 354715, at *2 (W.D. Ky. Jan. 31, 2025) ("[T]he Sixth Circuit has never cited *Lynn's Food Stores*, and the more recent trend is to reject the Eleventh Circuit's reasoning to the extent it may require court approval of ordinary FLSA collective action settlements…" The court in *Evans* explained that "it lacks authority to provide judicial approval of FLSA collective-action settlements because there is no FLSA [or] any binding Sixth Circuit precedent requir[ing] or authoriz[ing] district court approval of FLSA collective-action settlements…").

10. But other courts in this Circuit, including this Court, have historically found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., Ross v. Subcontracting Concepts, LLC*, 2022 WL 6736276 (E.D. Mich. Oct. 11, 2022). Until the Sixth Circuit addresses the issue, out of an abundance of caution, the Court has reviewed the Parties' Settlement.

11. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b). Plaintiff's Counsel retained a third-party expert to assist with damage calculations. The Court finds that the Settlement resulted from arm's-length negotiations between experienced counsel after substantial investigation and analysis. Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Representative Plaintiff and the Opt-In Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsels' experience in handling similar cases.

12. The Court approves the settlement documents attached to the Settlement Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Settlement Agreement and as directed herein. The Court grants approval of the Settlement as to the representative Plaintiff and all

eligible Opt-In Plaintiffs who elect to participate in the Settlement by negotiating their settlement check.

13. The Court approves the Service Award and general release payment to Representative Plaintiff Robert Mathies in recognition of his service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

14. The Court approves the payment of attorneys' fees and cost reimbursement to Plaintiff's Counsel as provided in the Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to the Parties' Settlement Agreement.

15. The Court retains jurisdiction solely to enforce the terms of the settlement agreement, including settlement administration and resolution of any disputes arising thereunder.

IT IS SO ORDERED.

Date:_____            _____
                                Honorable Shalina D. Kumar
                                United States District Court Judge

Stipulated by:

| | |
|---|---|
| */s/Kevin J. Stoops* | */s/Neil B. Pioch (w/consent)* |
| Kevin J. Stoops (P64371) | Neil B. Pioch (P67677) |
| SOMMERS SCHWARTZ, P.C. | LITTLER MENDELSON, P.C. |
| One Town Square, 17th Floor | 500 Woodward Ave., Suite 2600 |
| Southfield, Michigan 48076 | Detroit, Michigan 48226 |
| (248) 355-0300 | (313) 446-6400 |
| kstoops@sommerspc.com | npioch@littler.com |
| | |
| Attorneys for Plaintiff and Proposed Collective | Attorneys for Defendant LG Energy Solution Michigan, Inc. |

## **CERTIFICATE OF SERVICE**

I certify that on July 25, 2025, I electronically filed the foregoing paper with the Court Clerk using the ECF system, which will send notification of this filing to all counsel of record.

Dated: July 25, 2025                */s/ Kevin J. Stoops*
                                    Kevin J. Stoops